UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| VANESSA SACARELLO<br><br>**Plaintiff and Counter-Defendant**<br><br>v.<br><br>AMERICAN AIRLINES, INC.<br><br>**Defendant and Counterclaimant** | **CIVIL NO.** 20-1661 (RAM)<br><br>(LEAD CASE) |
| SALLY PÉREZ-RODRÍGUEZ<br><br>**Plaintiff and Counter-Defendant**<br><br>v.<br><br>AMERICAN AIRLINES, INC.<br><br>**Defendant and Counterclaimant** | **CIVIL NO.** 20-1684 (RAM)<br><br>(MEMBER CASE) |

## MEMORANDUM AND ORDER

RAÚL M. ARIAS-MARXUACH, United States District Judge

Pending before the Court is Defendant American Airlines, Inc.'s ("Defendant" or "AA") *Motion for Reconsideration* ("*Motion*"). (Docket No. 83). AA contends the Court erred in denying its summary judgment request because the present case is not a contract dispute and instead concerns constructive discharge. Id. It posits that because Plaintiffs and Counter-Defendants Vanessa Sacarello ("Sacarello") and Sally Pérez-Rodríguez ("Pérez-

Rodríguez") (jointly, "Plaintiffs") failed to prove they were constructively discharged, summary judgment is proper. As seen below, the *Motion* is **GRANTED in part** and **DENIED in part**.

The Federal Rules of Civil Procedure do not provide for the filing of motions for reconsideration. If a motion seeks to alter or amend a judgement, courts may consider it under Fed. R. Civ. P. 59(e) or Fed. R. Civ. P. 60(b). *See* Ruiz-Justiniano v. United States Postal Serv., 2018 WL 4562080, at *1 (D.P.R. 2018). However, a reconsideration is an extraordinary remedy to be used "sparingly." U.S. ex rel. Ge v. Takeda Pharm. Co., 737 F.3d 116, 127 (1st Cir. 2013) (internal quotation omitted). A court may **only** grant one if there is a manifest error of law, newly discovered evidence, or in some narrow situations. *See* Biltcliffe v. CitiMortgage, Inc., 772 F.3d 925, 930 (1st Cir. 2014) (citation omitted). It is unavailable if the request merely presents "a point of disagreement between the court and the litigant, or rehashes matters already properly disposed of[.]" Figueroa Carrasquillo v. Drogueria Cent., Inc., 2018 WL 8584211, at *2 (D.P.R. 2018).

Here, the Court finds no manifest error of law or newly discovered evidence which would warrant an alteration to the finding that summary judgment dismissing the constructive discharge claims is improper. There remain genuine issues regarding AA's purported misrepresentation of material facts when Plaintiffs applied for AA's Voluntary Early Out Program for

Management & Support Staff" ("VEOP") and signed the General Release ("Release"). (Docket No. 77).

AA primarily argues that even if the Release signed by Plaintiffs is invalid, Plaintiffs failed to establish constructive discharge under Puerto Rico's wrongful discharge law ("Act 80"), P.R. Laws Ann. tit. 29, § 185e. (Docket No. 83 at 6-10). AA posits that Plaintiffs purportedly failed to cite specific facts showing that AA's actions were intended to impair or harm their condition as AA employees. Id. Conversely, Plaintiffs aver their discharge occurred because their resignation was "caused by the actions of the employer directed to induce or compel [them] to resign" and that Act 80 provides only some examples of ways that an employee can be compelled to resign. (Docket No. 87 at 3, 5). The Court agrees. Moreover, Puerto Rico Supreme Court precedent supports this finding. See Rivera Figueroa v. The Fuller Brush Co., 180 P.R. Dec. 894, 902 n. 27 (2011) (citing P.R. Laws Ann. tit. 29, § 185e and noting that the "examples of constructive discharge supplied by the statute are not exhaustive.") The jury may consider AA's omission in not telling Plaintiffs that they would be replaced when deliberating whether AA's conduct compelled them to resign. (Docket No. 87 at 5).

AA also asserts that any event that took place after Plaintiffs applied for the VEOP is irrelevant to Plaintiffs' constructive discharge claim. (Docket No. 83 at 10-11). The Court

disagrees. On June 10, 2020, Plaintiffs applied to the VEOP. (Docket No. 77, Facts ¶¶ 14-15). On June 16, they received an e-mail stating their applications had been accepted and that their last work day would be June 19. Id. Fact ¶ 21. On June 18, they received an e-mail reminding them they "must review and sign the general release of claims electronically … by 2 p.m. CT tomorrow, Friday, June 19." Id. Fact ¶ 22. If not, they risked being removed from the VEOP and considered for involuntary separation. Id. Plaintiffs signed the Release on June 19. Id. Fact ¶ 23.

As far as this Court can tell, Plaintiffs resignation from AA was not complete until they signed the Release and had their last work day on June 19. Any events that took place between June 10 through June 19 are thus relevant conduct to their claims of being induced to resign from their jobs at AA. Accordingly, the Court did not err when it relied on the June 11-19 e-mail chain between upper management at the San Juan station to deny AA's summary judgment. (Docket No. 77 at 12-14). Id. Cf. Slater v. Town of Exeter, 2009 WL 737112, at *7 n. 10 (D.N.H. 2009) (noting that conduct which did not occur "until after [plaintiff] had already cleaned out her office, and possibly after she had already tendered her resignation as well . . . could not have factored into her decision to quit and is therefore essentially irrelevant to the constructive discharge question.") (citation omitted). The Court stands by its finding in the Opinion and Order that, when viewed

in the light most favorable to Plaintiffs, the above-referenced emails support "an inference . . . that Defendant knew it was going to replace Plaintiffs before even accepting their applications for the VEOP and yet failed to inform Plaintiffs as much. If this is the case, AA may have acted with dolo." (Docket No. 77 at 16). AA has not placed this Court in a position to reach an alternate conclusion.

On a final note, the Court agrees with AA that Plaintiffs are **not** entitled to any remedy under the Coronavirus Aid, Relief and Economic Security Act (the "CARES Act"), let alone under its Payroll Support Program Extension ("PSP"). (Docket No. 83 at 2-3, 16-17). Plaintiffs have failed to point to any part of the PSP or CARES Act granting them such a right. While Circuit Courts of Appeals have yet to rule on the issue, District Courts have held there is no private cause of action under the CARES Act. *See* Walters v. Mnunchin, 2021 WL 2105387, at *4 (N.D. Ind. 2021) ("there is no suggestion there is a private cause of action under the CARES Act for receipt of specific non-disbursed funds, and '[i]t is not this Court's function to raise up a cause of action where a statute has not created one.'") (quoting Harden v. Yellen, 2021 WL 1515478, at *2 (E.D. Wisc. 2021); Richards v. Ind. Dep't of Corrs., 2022 WL 2952814, at *2 (N.D. Ind. 2022) (collecting cases); Turner v. Hamilton Cnty. Tr. Ass'n, 2022 WL 1606289, at *4

Civil Nos. 20-1661 & 20-1684 (RAM)                              Page 6

(S.D. Ind. 2022) (finding that Congress did not create a private cause of action, expressly or impliedly, in the CARES Act).

Defendant has not articulated a manifest error of law, newly discovered evidence, a change in controlling law, or any other circumstance warranting the extraordinary remedy that is full reconsideration of this Court's Opinion and Order at Docket No. 77. The sole claims which are dismissed at this time are those brought pursuant to the CARES Act. Accordingly, AA's *Motion for Reconsideration* is **GRANTED in part** and **DENIED in part.**

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 16th day of September 2022.

S/ RAÚL M. ARIAS-MARXUACH
United States District Judge