IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| VANESSA SACARELLO<br><br>**Plaintiff and Counter-defendant**<br><br>V.<br><br>AMERICAN AIRLINES, INC.<br><br>**Defendant and Counterclaimant** | **CIVIL NO.** 20-1661 (RAM)<br><br>(LEAD CASE) |
| SALLY PÉREZ-RODRÍGUEZ<br><br>**Plaintiff and Counter-defendant**<br><br>V.<br><br>AMERICAN AIRLINES, INC.<br><br>**Defendant and Counterclaimant** | **CIVIL NO.** 20-1684 (RAM)<br><br>(MEMBER CASE) |

## OPINION AND ORDER

RAÚL M. ARIAS-MARXUACH, United States District Judge

Pending before the Court is Defendant and Counter-plaintiff American Airlines, Inc.'s ("Defendant" or "American Airlines") *Motion in Limine to Exclude Plaintiffs' Witness Jose Rucabado from Testifying in Court* ("*Motion in Limine*" or "*Motion*"). (Docket No. 112). For the reasons set forth below, the Court **DENIES** the *Motion*.

### I. BACKGROUND

Plaintiffs and Counter-defendants Vanessa Sacarello ("Sacarello") and Sally Pérez-Rodríguez ("Pérez-Rodríguez")

(jointly, "Plaintiffs") filed separate amended complaints against American Airlines on June 22, 2021. (Docket Nos. 38-39).[1] Plaintiffs -- two former American Airlines Customer Service Managers ("CSM") at Luis Muñoz Marín International Airport in San Juan -- allege that during the COVID-19 pandemic, the company induced them to participate in its "Voluntary Early Out Program for Management & Support Staff" ("VEOP") and to sign a General Release ("Release") through false representations and *dolus*.[2] Id.

American Airlines answered the amended complaints and filed counterclaims on July 6, 2021. (Docket Nos. 40-41). It alleges that Plaintiffs are liable for breach of contract and unjust enrichment because they sued American Airlines in contravention of the Release but retained the money they received through the VEOP. Id.

On October 19, 2022, Defendant filed the present *Motion in Limine*. (Docket No. 112). American Airlines seeks to prevent José Rucabado ("Rucabado") -- the company's General Manager for the San Juan station at the time Plaintiffs resigned -- from testifying at

---

[1] Pérez-Rodríguez initially filed a separate suit on November 16, 2020. *See* Case No. 20-cv-1684. That case was consolidated with the present one pursuant to Fed. R. Civ. P. 42 and transferred to the undersigned's docket on January 8, 2021. (Case No. 20-cv-1684, Docket No. 17; Case No. 20-cv-1661, Docket No. 18).

[2] Under Puerto Rico contract law, *dolus* "bars a contracting party from inducing another party through 'words or insidious machinations' to 'execute a contract which without them he would not have made.'" Casco, Inc. v. John Deere Constr. & Forestry Co., 990 F.3d 1, 11 (1st Cir. 2021) (quoting P.R. Laws Ann. tit. 31 § 3408). "Dolus entails bad faith in the formation or performance of a contract." Id. (citing Oriental Fin. Grp., Inc. v. Fed. Ins. Co., 598 F. Supp. 2d 199, 219-221 (D.P.R. 2008)).

trial. Id. at 1-3. In the alternative, Defendant asks that Rucabado be barred from providing "speculative testimony at trial[.]" Id. at 1. Defendant argues that Rucabado lacks personal knowledge about the topics Plaintiffs will call him to testify about, and that his testimony would be duplicative in the case of some of those topics. (Docket No. 112). Plaintiffs filed their opposition on October 31, 2022. (Docket No. 117).

## II.  LEGAL STANDARD

### A. Personal Knowledge

"A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Fed. R. Evid. 602. Personal knowledge can include "inferences and opinions, so long as they are grounded in personal observations and experience." United States v. Rodriguez, 162 F.3d 135, 144 (1st Cir. 1998) (internal quotation marks and citation omitted). Courts may exclude evidence under Rule 602 only if "it finds that the witness could not have actually perceived or observed that which he testified to." Id. (internal quotation marks and citation omitted).

Evidence of personal knowledge can come from a witness's own testimony. *See* United States v. Brown, 669 F.3d 10, 22 (1st Cir. 2012) (citing Fed. R. Evid. 602). Also, the extent of a witness's knowledge "goes to the weight rather than the admissibility of the testimony." Hallquist v. Loc. 276, Plumbers & Pipefitters Union,

AFL-CIO, 843 F.2d 18, 24 (1st Cir. 1988) (internal quotation marks and citations omitted).

### B. Cumulative Evidence

Federal Rule of Evidence 403 allows for the exclusion of evidence "if its probative value is **substantially outweighed** by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403 (emphasis added).

If evidence is repetitive and if the small increment of probability it adds does not warrant the time spent introducing it, then it may be cumulative. *See* Elwood v. Pina, 815 F.2d 173, 178 (1st Cir. 1987) (citation omitted). Rule 403 "requires a balance of probative value against the negative consequences of using a particular piece of evidence." Sec'y of Lab. v. DeSisto, 929 F.2d 789, 795 (1st Cir. 1991). Trial judges have "considerable latitude in Rule 403 rulings." United States v. Maldonado-Peña, 4 F.4th 1, 37 (1st Cir. 2021) (internal quotation marks and citation omitted). But if the evidence is crucial, excluding it is an abuse of discretion. Sec'y of Lab., 929 F.2d at 795 (citation omitted).

### III. DISCUSSION

Plaintiffs intend to call Rucabado to testify about 1) the VEOP -- the exit package offered by American Airlines during the COVID-19 pandemic in 2020; 2) Plaintiffs' acceptance of the VEOP; 3) the company's hirings after Plaintiffs accepted the VEOP; and

Case 3:20-cv-01661-RAM   Document 121   Filed 01/10/23   Page 5 of 10
Civil Nos. 20-1661 & 20-1684 (RAM)                                    5

4) representations made by the company about the VEOP. (Docket No. 112 at 2). Defendant argues that Rucabado lacks personal knowledge about the above topics, and that his testimony on the first and fourth topics would be cumulative. (Docket No. 112). The Court addresses American Airlines' arguments with respect to each topic.

### A. The VEOP

Defendant maintains that Rucabado has no personal knowledge of the terms and conditions in the VEOP because he was not "a decisionmaker nor part of the decision-making process in the VEOP[.]" Id. at 3. American Airlines also posits that any testimony Rucabado offers about the VEOP would be cumulative because "all information related to the VEOP options offered to eligible American team members, including Plaintiffs', has already been stipulated" and because one of Defendant's witnesses is more knowledgeable about the subject. Id.

Defendant cites no authority to support its position that a witness must be a decisionmaker on a subject to have personal knowledge about it. The parties' proposed stipulations of fact state that Rucabado held a meeting with management employees (including Plaintiffs) in May 2020, during which he announced the company's COVID-19 cost-saving measures. (Docket No. 82 at 55-56). This suggests to the Court that Rucabado has some degree of personal knowledge about the VEOP.

The Court is also not persuaded that Rucabado's testimony on this topic would be cumulative simply because the parties have proposed some stipulations that touch on the subject and because Defendant plans to call its own witness to testify about the same or similar matters. Though Defendant purports to apply the Rule 403 balancing test, it makes no argument as to why Rucabado's testimony on this topic would carry "negative consequences" that substantially outweigh its probative value. Sec'y of Lab., 929 F.2d at 795.

**B. Plaintiffs' Acceptance of the VEOP**

Defendant argues that Rucabado lacks personal knowledge about Plaintiffs' acceptance of the VEOP because he allegedly had "no participation whatsoever in the VEOP process" and "no conversations with Plaintiffs regarding their decision to elect and/or accept the VEOP options." (Docket No. 112 at 4). Defendant notes that the proposed stipulations of fact state that Rucabado did not speak with Plaintiffs about whether they should accept or reject the VEOP. (Docket Nos. 112 at 4; 82 at 56). Rucabado also testified at his deposition that he did not recommend to any employee in San Juan that they accept the VEOP. (Docket Nos. 112 at 5; 112-1 at 2). Defendant argues that the May 2020 meeting in which Rucabado announced the VEOP to Plaintiffs is the only conversation Plaintiffs had with Rucabado about the VEOP. (Docket Nos. 112 at 4; 82 at 55-56 ¶¶ 32-38).

The fact that Rucabado might not have made recommendations to Plaintiffs about the VEOP does not mean that he has no personal knowledge about matters relevant to Plaintiffs' decision-making process around the VEOP. It is also possible that Rucabado developed some personal knowledge about this topic at the May 2020 meeting itself.

At this juncture, Defendant has not provided sufficient evidence to establish that Rucabado "could not have actually perceived or observed" anything in relation to this topic. *See* Rodriguez, 162 F.3d at 144 (internal quotation marks and citation omitted). The gaps that Defendant notes about the extent of Rucabado's knowledge on this topic are better elicited through cross-examination, as they go "to the weight rather than the admissibility of the testimony." Hallquist, 843 F.2d at 24 (internal quotation marks and citations omitted). The Court may also question Rucabado outside the presence of the jury to ensure there is a sufficient basis for his testimony on this particular topic. Given that Rucabado's own testimony may be evidence of personal knowledge, barring Rucabado's testimony on this topic altogether is premature at this stage. *See* Brown, 669 F.3d at 22 (citing Fed. R. Evid. 602).

### C. American Airlines' Hirings After Plaintiffs' Acceptance of the VEOP

Defendant argues that Rucabado has no personal knowledge about "any possible hirings that could have taken place after Plaintiffs' acceptance of the VEOP options on June 10, 2020, and less so after his employment terminated on July 2, 2020." (Docket No. 112 at 5). Rucabado testified at his deposition that he did not know when the final decision to keep Plaintiffs' CSM positions was made. (Docket Nos. 112 at 6; 112-1 at 4). María Teresa López -- the company's HR Manager for the Caribbean and Cargo at the time that Plaintiffs resigned -- testified at her deposition that she believed the approval to replace Plaintiffs' positions came at the end of July 2020. (Docket Nos. 112 at 3, 6; 112-4 at 2). The parties' proposed stipulations of fact state that American Airlines published a job posting for Plaintiffs' CSM positions in September 2020. (Docket Nos. 112 at 6; 82 at 60 ¶ 69).

The fact that Rucabado's employment with the company ended on July 2, 2020 does not mean that Rucabado necessarily has no personal knowledge about the company's plans to refill Plaintiffs' positions. On June 11, 2020, Rucabado received an email from Juan Liscano -- the company's Vice President for Miami Hub Operations -- in which Liscano said: "My plan at the moment is to keep 3 CSMs. We will approve the two VEOPs but they will be replaced. This is not to be communicated yet as the final is not yet approved."

(Docket Nos. 112 at 6; 82 at 61). That email suggests at least some degree of personal knowledge by Rucabado about the company's plans to fill Plaintiffs' positions -- at least the plans to which he was privy during his employment with the company. Defendant can probe the extent of his knowledge through cross-examination. *See* Hallquist, 843 F.2d at 24.

### D. Representations Made by American Airlines About the VEOP

Finally, Defendant argues that Rucabado has no personal knowledge about representations made to Plaintiffs about the VEOP because he was not a decisionmaker with respect to the VEOP. (Docket No. 112 at 7). Defendant reiterates its assertion that the proposed stipulations of fact show that Rucabado's only conversation with Plaintiffs about the VEOP was at the May 2020 meeting, meaning that any testimony about this topic would be cumulative. (Docket Nos. 112 at 7; 82 at 55-56 ¶¶ 32-38).

Again, Defendant cites no caselaw to support its position that one must be a decisionmaker to have personal knowledge on a subject. Also, any statements made by Rucabado to Plaintiffs at that May 2020 meeting itself could be considered representations made by the company about the VEOP. Defendant does not suggest that Rucabado's testimony on this topic would carry any negative consequences that substantially outweigh its probative value, making it cumulative. *See* Sec'y of Lab., 929 F.2d at 795. Thus, the Court is not persuaded that Rucabado's testimony on this topic

warrants exclusion pursuant to Federal Rules of Evidence 602 or 403.

## IV.   CONCLUSION

The evidence thus far suggests that Rucabado has some degree of personal knowledge with respect to Plaintiffs' proffered topics. His testimony about these topics is therefore unlikely to be speculative. If Defendant wishes to question the extent of Rucabado's knowledge and any gaps therein, cross-examination is the more appropriate route.

For the foregoing reasons, the Court **DENIES** Defendant's *Motion in Limine*. (Docket No. 112).

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 10th day of January 2023.

S/ RAÚL M. ARIAS-MARXUACH
United States District Judge