IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| VANESSA SACARELLO<br><br>**Plaintiff and Counter-defendant**<br><br>v.<br><br>AMERICAN AIRLINES, INC.<br><br>**Defendant and Counterclaimant** | **CIVIL NO.** 20-1661 (RAM)<br><br>(LEAD CASE) |
| SALLY PÉREZ-RODRÍGUEZ<br><br>**Plaintiff and Counter-defendant**<br><br>v.<br><br>AMERICAN AIRLINES, INC.<br><br>**Defendant and Counterclaimant** | **CIVIL NO.** 20-1684 (RAM)<br><br>(MEMBER CASE) |

MEMORANDUM AND ORDER

RAÚL M. ARIAS-MARXUACH, United States District Judge

Pending before the Court is Defendant and Counter-plaintiff American Airlines, Inc.'s ("Defendant" or "American Airlines") *Motion for Reconsideration of this Court's Opinion and Order at Docket No. 120* ("*Motion for Reconsideration*" or "*Motion*"). (Docket No. 125). The Court's *Opinion and Order* at Docket No. 120 denied Defendant's *Motion to Bifurcate Trial* at Docket No. 88 and *Motion in Limine* at Docket No. 111. (Docket No. 120). For the reasons set forth below, the Court **DENIES** Defendant's *Motion for*

Case 3:20-cv-01661-RAM   Document 132   Filed 05/03/23   Page 2 of 6
Civil Nos. 20-1661 & 20-1684 (RAM)                                      2

*Reconsideration*.

## I. LEGAL STANDARD

A reconsideration is an extraordinary remedy to be used "sparingly." U.S. ex rel. Ge v. Takeda Pharm. Co. Ltd., 737 F.3d 116, 127 (1st Cir. 2013) (internal quotation omitted). A court may only grant one pursuant to Fed. R. Civ. P. 59(e) if there is a manifest error of law, newly discovered evidence, or in some narrow situations. *See* Biltcliffe v. CitiMortgage, Inc., 772 F.3d 925, 930 (1st Cir. 2014) (citation omitted). It is unavailable if the request merely presents "a point of disagreement between the court and the litigant, or rehashes matters already properly disposed of[.]" Figueroa Carrasquillo v. Droguería Central, Inc., 2018 WL 8584211, at *2 (D.P.R. 2018).

## II. DISCUSSION

Defendant's *Motion for Reconsideration* seeks to relitigate its *Motion for Summary Judgment.* The Court will not revisit all grounds for only partially granting Defendant's *Motion for Summary Judgment*, but it will correct an error in its *Opinion and Order* at Docket No. 120. As Defendant notes in its *Motion for Reconsideration*, the Act 4-2017 version of Law 80 indeed governs here, not the Act 41-2022 version. However, as the Court states in its *Opinion and Order*, that does not change its ruling. Contrary to Defendant's allegations, the Court does not neglect the language in the second and third paragraphs in the Act 4-2017 version of

the law. The Court simply disagrees with Defendant that this language definitively forecloses Plaintiffs' theory of constructive discharge. The Court is not yet convinced that the evidence is so one-sided that it can dispense with all of Plaintiffs' claims at the summary judgment stage without making determinations reserved for a jury, such as whether the only reasonable option left to Plaintiffs under the circumstances was to abandon their jobs.

It is true that a properly executed early retirement program does not amount to constructive discharge. *See* Vega v. Kodak Caribbean, Ltd., 3 F.3d 476 (1st Cir. 1993); Dominguez v. Eli Lilly & Co., 958 F. Supp. 721 (D.P.R. 1997), aff'd, 141 F.3d 1149 (1st Cir. 1998). However, a fraudulent or deceptive early retirement program may amount to constructive discharge. *See* Kodak Caribbean, 3 F.3d at 480 (age discrimination case in which the First Circuit stated that "[t]o transform an offer of early retirement into a constructive discharge, a plaintiff must show that the offer was nothing more than a charade, that is, a subterfuge disguising the employer's desire to purge plaintiff from the ranks because of his age"); Eli Lilly & Co., 958 F. Supp. at 740-41 (age discrimination case in which another judge in this District said that "[t]he key question is what motivated the decision to implement the ERP and was that motivation due to an age-based discriminatory animus"). Given the current record, it may indeed be difficult for Plaintiffs

to persuade a jury that Defendant's early retirement program was a sham aimed at replacing longer-tenured employees with new, lower-salaried ones. **However, given certain evidence suggesting that Defendants did not intend to eliminate Plaintiffs' positions and almost immediately recruited others for those roles, the Court is not prepared to rule that possibility out on summary judgment.**

Having briefly summarized why Plaintiffs' claims survive summary judgment, the Court will now reiterate why bifurcation and exclusion of the contested emails are not warranted. The Federal Rules of Civil Procedure **permit** a judge to bifurcate a trial for various reasons. *See* Fed. R. Civ. P. 42(b) ("[f]or convenience, to avoid prejudice, or to expedite and economize, the court **may** order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims") (emphasis added). The language is permissive, not mandatory. As stated in the Court's *Opinion and Order*, the decision to bifurcate a trial is "a matter peculiarly within the discretion of the trial court[.]" Gonzalez-Marin v. Equitable Life Assur. Soc. of U.S., 845 F.2d 1140, 1145 (1st Cir. 1988) (citations omitted); *see also* Situ v. O'Neill, 2016 WL 9488667, at *1 (D.P.R. 2016). Furthermore, courts must preserve any federal right to a jury trial in making that decision. *See* Fed. R. Civ. P. 42(b). **The Court will not exercise its discretion to bifurcate the trial in order to give Defendants a bench trial on their breach of contract and unjust**

**enrichment counterclaims before Plaintiffs get a jury trial on their *dolus* and constructive discharge claims.**

With regard to the contested emails, evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and if the fact in question "is of consequence in determining the action." Fed. R. Evid. 401. The emails that Defendant seeks to exclude are highly relevant to Plaintiff's *dolus* claim, as they go directly to the question of whether Defendant induced Plaintiffs into accepting early retirement through "'words or insidious machinations'" by telling Plaintiffs that their jobs were at risk. Casco, Inc. v. John Deere Constr. & Forestry Co., 990 F.3d 1, 11 (1st Cir. 2021) (quoting P.R. Laws Ann. tit. 31 § 3408). The emails are also highly relevant to Plaintiffs' constructive discharge claim, regardless of whether they were originally privy to them, as they speak to whether Defendant had a legitimate business interest in offering Plaintiffs early retirement, *see* P.R. Laws Ann. tit. 29 §185e, and to the kinds of pressure that Plaintiffs may have been under to accept it. As these are not improper bases for adjudging a *dolus* and constructive discharge claim, the emails are not unfairly prejudicial and do not warrant exclusion pursuant to Rule 403. *See* Díaz-Casillas v. Doctors' Ctr. Hosp. San Juan, 342 F. Supp. 3d 218, 232 (D.P.R. 2018); United States v. Whitney, 524 F.3d 134, 141 (1st Cir. 2008).

For the foregoing reasons, and those set forth in the Court's *Opinion and Order* at Docket No. 120, the Court **DENIES** Defendant's *Motion for Reconsideration*.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 3rd day of May 2023.

S/ RAÚL M. ARIAS-MARXUACH  
United States District Judge